Donnelly
v.
Foote.

DONNELLY, survivor, &c. *vs.* FOOTE, impleaded with YATES.

Where a capias is issued against James P. and James D., on which James P. is
alone arrested, and special bail is put in for him as impleaded with James D.,
and the plaintiff in pursuance of the statute, 2 R. S. 347, § 3, declares against
James P. and John W. D., alleging that the latter was sued  by the name
of James D., and that his true name at the time of the issuing of the process
was not known to the plaintiff—the court will neither set aside the declara-
tion as varying from the process, nor order an exoneretur to be entered on
the bail piece, on a suit subsequently commenced on the recognizance
against the special bail.

Oct. 1838.        MOTION for exoneretur.  The plaintiff commenced a
bailable action by *capias ad respondendum* against James
Plant, Edward Plant, and James Dorsett ; James Plant only
was arrested, and for him the defendants, Foote and Yates,
became special bail—the bail piece naming the parties as
they were named in the capias.  The plaintiff afterwards
declared, and the declaration commenced by stating that the
plaintiff " complains of James Plant, Edward Plant and John
W. Dorsett, defendants in this suit, the said John W. Dor-
sett, whose name not being known to the said plaintiff when
the process by which this suit was commenced was issued,
was sued by the name of James Dorsett," &c.  The plain-
tiff proceeded to judgment and execution, and then brought
this action against the special bail, who now move that an
*exoneretur* be entered on the bail piece, on the ground that
they were discharged when the plaintiff departed from the
process, and declared against John W. instead of James
Dorsett.

J. L. Wendell, for the motion.

W. A. Greene, contra.

*By the Court*, BRONSON, J.  If this were a question at
the common law, the bail would probably be entitled to the
effect of their motion ; but the statute has provided, that
" when the name of any defendant shall not be known to the

plaintiff, a *capias ad respondendum* may be issued against such person by a *fictitious name.*" 2 R. S. 347, § 3. This case comes within the statute. The plaintiff, not knowing the christian name of Dorsett, one of the defendants, issued process against him by the fictitious name of James. Before declaring, the true name was ascertained to be John, and then the plaintiff declared against him by that name, with an averment in the declaration stating the ground for departing from the process. This was, I think, entirely regular. The statute must not receive such a construction as will render it utterly nugatory. The plaintiff is not bound to stop with the issuing of process, but he may follow it up to judgment; and neither the bail nor any other third person can be allowed to take an objection which would not be available to the party sued.* If the plaintiff had pursued his remedy against Dorsett by the fictitious name mentioned in the process, there would have been no variance, and no foundation for this motion. It cannot be that he has lost any thing by inserting the true name, when discovered, and explaining the whole matter on the record. If, as is suggested in the papers, Foote and Yates became bail on the supposition that the plaintiff had committed a fatal error in the process, they speculated on the question at their peril, and must abide the consequences of their misjudgment.

Motion denied.

---

* Shortly after the plaintiff declared in the original action a motion was made by the defendant to set aside the declaration on the ground of the variance between it and the capias; which motion was denied, because the statute expressly authorized the declaration in the form in which it had been filed. It was then urged in support of the motion, that the effect of the declaration might be to render the bail liable in an action different from that in which they had entered into a recognizance. The court said that they would reserve their opinion upon that question until a motion should be made directly by the bail. That motion is now made, and the above is the decision.